NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH ARTEAGA, *Appellant.*

No. 1 CA-CR 13-0453
FILED 2-27-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2012-145515-001
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz

*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn

Counsel for Appellant

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

**W I N T H R O P,** Presiding Judge:

**¶1**　　　　Joseph Arteaga ("Appellant") appeals the superior court's order finding him in violation of probation and reinstating the terms of probation for a period of two years, expiring on December 31, 2014. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no arguable question of law that is not frivolous.　Appellant's counsel therefore requests that we review the record for reversible error.　*See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).　In addition, this court has allowed Appellant to file a supplemental brief *in propria persona*, but he has not done so.

**¶2**　　　　We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A) (West 2014).[1]　Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[2]

**¶3**　　　　In August 2012, Appellant was charged with resisting arrest, a class 6 felony, in violation of A.R.S. § 13-2508 (count one) and aggravated assault, a class 5 felony, in violation of A.R.S. § 13-1204 (count two).　In November, Appellant negotiated a guilty plea on count two

---

[1]　　We cite the current Westlaw version of the applicable statutes because no revisions material to this decision have since occurred.

[2]　　We review the facts in the light most favorable to sustaining the revocation and reinstatement of probation and resolve all reasonable inferences against Appellant.　*See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

(amended) attempted aggravated assault on a peace officer, a class six felony, in violation of A.R.S. §§ 13-1204(A)(8)(a) and 13-1001. The superior court suspended imposition of sentence and placed Appellant on probation for two years under the supervision of the Adult Probation Department ("APD"). At the time Appellant was placed on probation, he agreed to the following conditions:

> Condition 6: Report to the APD within 72 hours of sentencing, absolute discharge from prison, release from incarceration, or residential treatment and continue to report as directed. Keep APD advised of progress toward case plan goals and comply with any written directive of the APD to enforce compliance with the conditions of probation. Provide DNA testing if required by law.

> Condition 8 - Request and obtain written permission of the APD prior to leaving the state.

> Condition 15: Restitution, Fines and Fees:

> PROBATION SERVICE FEE: Count II - $65.00 per month, beginning 02/01/2013.

> PROBATION SURCHARGE: Count II - $20.00 payable on 02/01/2013.

> All amounts payable through the Clerk of the Superior Court.

> Condition 16 - Not consume or possess any substances containing alcohol.

> Condition 17 - Count II: Complete a total of 24 hours of community restitution. Complete a set number of hours per month as directed in writing by APD. Complete hours at a site approved by the APD.

In December, Appellant signed a review and acknowledgment document with his probation officer in the adult probation office, indicating that Appellant understood his probation requirements.

¶4         In January 2013, Appellant reported to TASC for urinalysis testing, but failed to produce a specimen; he later failed to return for testing as directed. Appellant also failed to make any restitution

payments beginning in February and, after his initial probation orientation, did not report to his probation officer as directed.  As a result, a petition to revoke Appellant's probation was filed in April 2013.

**¶5**          In June, the superior court held a witness violation and disposition hearing.  Appellant's probation officer testified regarding Appellant's failure to comply with the terms of his probation.  Appellant did not testify or offer evidence.  The court found Appellant in violation of probation and reinstated the terms of probation for a period of two years.  Appellant filed a timely notice of appeal.

## DISCUSSION

**¶6**          We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96.  The evidence presented at the probation violation hearing was substantial and supports the order, and the proceedings followed the statutory requirements.  Appellant was represented by counsel at critical stages of the proceedings and was given the opportunity to speak at his probation violation hearing.  The proceedings were conducted in compliance with Appellant's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶7**          After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended.  Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶8**          The superior court's finding of a probation violation and reinstatement of probation is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: mjt